WILKOFSKY, FRIEDMAN, KAREL & CUMMINS
Attorneys-At-Law
By: ROMAN RABINOVICH
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
     -and -
299 Broadway, Suite 1700
New York, New York 10007
(212) 285-0510
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

SOUTH MILLVILLE PROPERTIES LLC.,

                  Plaintiff,             Civil Action No.: 1:23-cv-01193

        v.

WESTCHESTER SURPLUS LINE
INSURANCE COMPANY,

                  Defendant.

-------------------------------------------------------------x

---

## MILLVILLE'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS COMPLAINT

---

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES…………………………………………………………….. 3, 4

PRELIMINARY STATEMENT……………………………………………………… 5

POINT I
      STANDARD OF LAW…………………………………………………… 7

Point II
      THE CLAIM WAS IMPROPERLY DENIED AND COPPER LOSS AND
      DAMAGE EXCLUSION WAS INCORRECTLY APPLIED…………….……. 8

CONCLUSION……………………………………………………………………….. 12

## **TABLE OF AUTHORITIES**

**CASES**                                                                      **PAGE(S)**

*Ariston Airline & Catering Supply Co., Inc. v. Forbes*
    211 N.J.Super. 472 (Law Div. 1986) …………………………………………… 9

*Ashcroft v. Iqbal*
    556 U.S. 662, 129 S.Ct. 1937, L.Ed.2d 868 (2009) ……………………………... 7, 8

*Auto Lenders Acceptance Corp. v. Gentilini Ford*, Inc.
    181 NJ 245, 854 A.2d 378 (N.J. 2004) ………………………………………………… 11

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ……………………………… 7

*Franklin Packaging Co. v. Cal. Union Ins. Co.*
    171 N.J. Super. 188, 408 A.2d 448 (N.J. App. Div. 1979) …………………………... 11

*Newman v. Great Am. Ins. Co.*
    86 N.J. Super. 391 207 A.2d 167(App.Div.1965) …………………………………… 11

*Phillips v. Cnty. of Allegheny*
    515 F.3d 224, 234 (3d Cir. 2008) …………………………………………………... 7

*Princeton Ins. Co. v. Chunmuang*
    151 N.J. 80, 698 A.2d 9 (1997) ………………………………………..……………… 9

*Stone v. Royal Ins. Co.*
    211 N.J. Super. 246, 511 A.2d 717 (N.J.App.Div. 1986)…………………………….. 11

*Victory Peach*
    310 N.J.Super. ………………………..……………………………………………… 9

**OTHER AUTHORITIES**

43 Am.Jur .2d Insurance § 505 (1982) …………………………………………………... 9

5 Appleman, Insurance Law and Practice, § 3092 (Supp.1996–97) ………………… 9,10,11

Fed. R. Civ. P 8 ………………………………………………………………………… 7

Fed. R. Civ. P. 12(b)(6) ………………………………………………………… 4, 6, 8, 12

Plaintiff, South Millville Properties LLC, ("Millville") by its attorneys Wilkofsky, Friedman, Karel & Cummins, submits this Memorandum of Law in Opposition ("Opposition") to Defendant, Westchester Surplus Lines Insurance Company's ("Chubb") Motion to Dismiss ("Motion") pursuant to Fed. R. Civ. P. 12(b)(6)[1].  Plaintiff states as follows:[2]

## I.  PRELIMINARY STATEMENT and STATEMENT OF RELEVANT FACTS

This action is an insurance coverage dispute between the Millville and Chubb regarding the fire that occurred at 2800 S. 2nd Street, Millville, New Jersey (the "Subject Premises") after vandals had entered the Premises and caused damage therein (the "Loss").  The Plaintiff reported the Loss in a timely manner to Chubb and was assigned claim no. KY21K2878678 (the "Claim").  Thereafter, Chubb partially denied the Claim (the "Partial Denial").  In issuing the Partial Denial, Chubb relied on two separate exclusions.  Specifically, Chubb relied on the Theft Exclusion ("Theft Exclusion") and the Copper Loss or Damage Exclusion ("Copper Exclusion") to limit Millville's recovery to the "damages that are a result of the breaking in or exiting of burglars (Ex. "1" p. 4).  In this Motion, Chubb abandons reliance on the Theft Exclusion and, instead, relies solely on the Copper Exclusion as barring Millville's fire claim (See generally Section III. B. of Chubb's Brief, pp. 10-12).  Thus, the only issue with respect to coverage is whether the Copper Exclusion of the Policy excludes the subsequent fire damage pursuant to the subject all-risk policy.  Chubb maintains that the Copper Exclusion bars recovery for any damage save for damage associated with the breaking or exiting of the Subject Premises.

---

[1] All references to R. __ refer to the Federal Rules of Civil Procedure
[2] This Opposition may accept and/or adopt certain statements, arguments or allegations made by Chubb in its Motion.  However, the statements, arguments or allegations should not be treated as admissions by Millville and used against it outside this Motion.

The following facts are believed to be undisputed.

On or about October 14, 2021, the "Subject Premises" was damaged due to a fire (the "Loss"). (See Exhibit 2).  On or about October 14, 2021, the Subject Premises was insured by Defendant pursuant to Policy No. FSF15144440 003 (the "Policy"), with the effective dates of coverage September 15, 2021, September 15, 2022. At all relevant times, the Policy was in full force and effect with Plaintiff holding a valid insurable interest in the Subject Premises. (See Exhibit 2, ¶7 and 8; Exhibit 3).

Plaintiff reported the Loss in a timely manner to Chubb and was assigned claim number for the Claim (See Exhibit 2, ¶10). Defendant retained EFI Global ("EFI") to investigate and prepare a fire cause and origin report pertaining to the Claim, which is dated October 27, 2021 (the "Report"). (See Exhibit 4).

On or about March 9, 2022, Defendant sent a letter to Plaintiff which partially denied the Claim. (See Exhibit 2, ¶11; Exhibit 1).  On or about November 30, 2022, Plaintiff sent Defendant a requesting a reconsideration of the denial. (See Exhibit 2, ¶12; Exhibit 5).  On or about January 5, 2023, Defendant sent a reply to Millville's request for reconsideration which reaffirmed its partial denial. (See Exhibit 2, ¶13; para. Exhibit 6).

On or about January 26, 2023, Plaintiff filed a Complaint against Defendant in the Superior Court of New Jersey, Cumberland County, Docket Number CUM-L-000048-23. (See Exhibit 2). The Complaint was served on January 30, 2023. (See Exhibit 7).  On March 1, 2023, this matter was removed and brought before this Court pursuant to 28 U.S.C. §§1441(a), (b), and 28 U.S.C §1446.  On March 21, 2023, Chubb brought an instant motion to Dismiss Millville's Complaint.

Plaintiff opposed the motion. Plaintiff filed an Amended Complaint on April 10, 2023. (See Exhibit 8). On May 3, 2023, Defendant brought a second instant motion to Dismiss Millville's Complaint. The motion is set for June 5, 2023, before Chief Judge Renee Marie Bumb.

**II.   <u>STANDARD OF LAW</u>**

It is well settled that when reviewing a 12(b)(6) motion, courts generally accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. The court does not consider evidence outside the complaint, focusing instead on whether the complaint's allegations, if true, are sufficient to state a plausible claim for relief. To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege facts sufficient to "nudge [the Millville's] claims across the line from conceivable to plausible." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 570).

The standard for granting such a motion is high, requiring the court to accept all of the Millville's allegations as true and draw all reasonable inferences in their favor. If the complaint contains ***any plausible claim for relief***, the motion should be denied and the case should proceed to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (Under the new legal regime, the courts employ a "plausibility" test to determine compliance with Fed. R. Civ. P 8.).

The test requires, on a motion to dismiss, for the court to engage in a two-part analysis of the complaint. First, a court must parse through all of the allegations to determine which are "factual allegations" and which are "legal conclusions." Secondly, the court must ascertain

whether the factual allegations "plausibly give rise to an entitlement to relief." Id. Thus, accepting as true the factual allegations in the pleading, the pleader must show an entitlement to the relief sought. Most importantly, however, "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. (Internal cites omitted). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Point II**

**THE CLAIM IS NOT EXCLUDED AND CHUBB'S
FAILURE TO PAY CONSITUTES A BREACH OF THE POLICY**

In its motion, Chubb breaks from the overall theme of its motion to dismiss under 12(b)(6) and instead makes an application for summary judgment on the issue of coverage under the guise of a 12(b)(6) application.  Specifically, Chubb asserts that "[d]ismissal is appropriate here because Westchester was justified in denying the Claim – the Loss is not covered by the unambiguous, plain, ordinary terms of the Policy." (See Chubb's Brief, p. 10).

Specifically, Chubb argues that Millville's claim for coverage under the Policy must be dismissed because the Loss is not covered by the Policy's unambiguous and plain terms, and the Copper Loss or Damage Exclusion applies.  Chubb further argues that the exceptions in the Exclusion only reinstated coverage for loss or damage caused by breaking in or exiting.  In this case, the exception relating to the breaking in or exiting of burglars applies to the loss caused by the thieves entering the Subject Premises to steal copper wire, but it does not apply to other damage caused by the break-in, such as the resulting fire damage.  Thus, Chubb argues that the Exclusion, as applied to the instant facts, bars recovery for any damage not caused by entering or exiting of

8

the vandals and, therefore, the Complaint should be dismissed with prejudice.  It is respectfully submitted that Chubb is incorrect on this score. Further, following discovery, and as previewed for this Court below, Millville, in an appropriate R. 56 motion, will establish that Chubb incorrectly applied the Exclusion to deny coverage for the fire - that is beyond the scope of instant 12(b)(6) motion to dismiss, however.

Briefly, the Policy provides coverage for "physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." (Exhibit 3, Policy form CP 00 10 10 12, p. 1). Covered causes of loss are outlined in form CP 10 30, entitled Covered Causes of Loss-Special Form. (See Exhibit 3, Policy form CP 00 10 10 12, p. 1 to 10). The Policy's declarations page is marked "Special Excluding Theft." (See Exhibit 3, Commercial Property Declarations, p. 1). Coverage A of the Causes of Loss - Special Form requires that "[w]hen Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy." (Exhibit 3, Policy form CP 10 30 10 12, p.1). This type of coverage is commonly referred to as "all-risk" coverage.

Generally, an "all-risk" policy creates a "special type of insurance extending to risks not usually contemplated, and recovery under the policy will generally be allowed for all losses of a fortuitous nature, in the absence of fraud or other intentional misconduct of the insured, unless the policy contains a specific provision expressly excluding the loss from coverage." 43 Am.Jur .2d Insurance § 505 (1982). [footnotes omitted.] Accord: *Ariston Airline & Catering Supply Co., Inc. v. Forbes*, 211 N.J.Super. 472 (Law Div. 1986). Exclusions in insurance policies are narrowly construed, and the insurer has the burden of proving their applicability. *Princeton Ins. Co. v. Chunmuang*, 151 N.J. 80, 95, 698 A.2d 9 (1997).

9

New Jersey courts have defined a "fortuitous loss" as "one that, so far as the parties to the insurance contract are aware, is dependent on chance." *Victory Peach*, 310 N.J.Super. at 87 (citing 5 Appleman, Insurance Law and Practice, § 3092 (Supp.1996–97). The fire loss at issue qualifies as a "fortuitous loss" as it was an unintentional consequence of the energization of the pipe due to arcing.

Chubb's application of the Copper Loss and Damage Exclusion (the "Exclusion") is inapplicable to the Claim as the claim is for fire damage. Specifically, the theft exclusion will provide coverage "if theft results in a Covered Cause of Loss [e.g. fire]." (Exhibit 3, Policy form CP 10 33 10 12). The Copper Exclusion operates to exclude "Loss or damage to copper, including but not limited to wiring, piping, air-conditioning loss or damage to the described premises caused by or resulting from the theft attempted theft or vandalism of copper." (Exhibit 3, Policy form CP FA43490).

The exclusion does not bar loss or damage as a result of fire, however. In other words, if the Claim were limited to the stolen copper wiring or piping or the damage to the walls, floor or ceilings to access the copper, then the exclusion would operate to bar that claim. This Claim, however, is for fire damage which wholly separate from the loss of the stolen copper material and, therefore, not subject to the copper loss or damage exclusion.

To the extent that Defendant maintains that theft of the copper was the cause of loss, rather than fire, relevant New Jersey law does not support that position.

In the context of multiple causes of loss, New Jersey courts have generally considered questions evaluating multiple or concurrent causes of damages in the context of first-party claims

against insurers. Specifically, first-party coverage decisions in New Jersey in which multiple events occur sequentially in a chain of causation to produce a loss, New Jersey courts have adopted the approach known as "Appleman's Rule."

The "Appleman Rule" holds that a loss is covered if a covered cause starts or ends the sequence of events leading to the loss. See e.g. *Auto Lenders Acceptance Corp. v. Gentilini Ford*, Inc.,181 NJ 245, 257, 854 A.2d 378 (N.J. 2004) (quoting 5 Appleman, Insurance Law & Practice §3083 at 309-311(1970)); *Stone v. Royal Ins. Co*., 211 N.J. Super. 246, 252, 511 A.2d 717 (N.J. App. Div. 1986) (applying Appleman's rule; coverage attaches because final step in causative chain in covered); *Franklin Packaging Co. v. Cal. Union Ins. Co.,*171 N.J. Super. 188, 191, 408 A.2d 448 (N.J. App. Div. 1979) (applying Appleman's rule; coverage attaches because first event in causative chain is covered), certif. denied, 84 NJ 434, 420 A.2d 340 (1980). Only when a covered and excluded loss results in a loss that is indivisible (e.g. concurrent flood and rain infiltration causing water damage) would the courts deny coverage. See, e.g., *Newman v. Great Am. Ins. Co.,* 86 N.J. Super. 391, 403–04, 207 A.2d 167(App.Div.1965) (requiring insured to demonstrate that excluded cause was neither sole nor substantial cause of loss where damage resulted from a combination of covered and excluded causes).

The analysis of the Loss under the Appleman Rule is as follows.  The Copper Exclusions operates to bar coverage for any loss or damage caused by or resulting from the theft, attempted theft or vandalism of copper, except as provided for in the two exceptions to the exclusion.  The ingress/egress exception applies to the damage or loss that occurs during looting or damage to a building caused "by the breaking in or exiting of burglars." However, this exception only reinstates coverage for damage caused by burglars entering or exiting the building, such as breaking a door

11

or window, and does not extend to damage caused by other building components not necessary for the burglars to enter or exit the building.  In this case, it is undisputed that the copper wire was stolen by the burglars, but the damage caused to the Subject Premises was due to fire – not the theft of the copper wire. Therefore, the Copper Exclusion does not bar the damage or loss caused by the resulting fire as the fire damage is distinguishable and divisible from the theft and/or vandalism damage and, therefore, would be deemed a substantial cause of the Loss. Further, on a motion to dismiss, this Court need not reach a dispositive conclusion on this issue and must deny Chubb's motion as Millville's Amended Complaint sets forth plausible claims for relief that are inappropriate for disposition under R. 12(b)(6), and accordingly, Chubb's motion must be denied.

## CONCLUSION

Based upon the foregoing authorities and factual issues raised, Plaintiff respectfully requests that the Court deny Chubb's motion to dismiss in its entirety.

Respectfully Submitted,

WILKOFSKY, FRIEDMAN,
KAREL & CUMMINS

By:     *Roman Rabinovich*
ROMAN RABINOVICH
*Attorneys for Plaintiff*